**HONORABLE Thomas O. Rice**

**Sean W. Carney, WSBA No. 41200**
Email: scarney@chartwelllaw.com
**Elissa M. Boyd, WSBA No. 50436**
Email: eboyd@chartwelllaw.com
The Chartwell Law Offices, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA  98662
Telephone: (503) 886-8108
Facsimile: (503) 961-7864

*Attorneys for Plaintiff American Modern
Property and Casualty Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

| | |
|---|---|
| AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign company,<br><br>Plaintiff,<br><br>vs.<br><br>LACEY SULLIVAN and DANIEL SULLIVAN, a married couple, individually, and as natural guardians of INFANT SULLIVAN, a minor child, and RYAN YATES,<br><br>Defendants. | NO. 2:25-cv-00083-TOR<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**<br><br><br>**08/22/25**<br>**WITHOUT ORAL ARGUMENT** |

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND
MEMORANDUM IN SUPPORT

- 1 -

THE CHARTWELL LAW
OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

# I.  MOTION

Pursuant to Fed. R. Civ. P. 56, Plaintiff, American Modern Property and Casualty Insurance Company ("American Modern"), moves for partial summary judgment seeking a ruling that it has no duty to defend Lacey Sullivan and Daniel Sullivan (the "Sullivans"), individually, as a marital community, or as the natural guardians of Infant Sullivan, against an underlying liability lawsuit arising out of a motor vehicle accident. American Modern is currently defending Lacey Sullivan, as well as Daniel Sullivan via the marital community[1], under a full and complete reservation of rights, but American Modern does not owe a duty to defend.[2]

More specifically, American Modern has no duty to defend the Sullivans, pursuant to manufactured home insurance policy no. 102-664-084 (the "Policy"), issued to Lacey Sullivan, against the Complaint for Personal Injuries ("Underlying Complaint") filed by Defendant Ryan Yates ("Yates"). The Policy, which was in

---

[1] Daniel Sullivan is currently identified only as "John Doe" in the underlying lawsuit but is being defended by American Modern under a reservation of rights because the entire marital community is part of the defense being provided.

[2] Declaration Of Sean Carney In Support Of Plaintiff's Motion For Partial Summary Judgment ¶ 4, Ex C.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND
MEMORANDUM IN SUPPORT

- 2 -

effect for the policy period of March 25, 2024 to March 25, 2025, does not provide a defense because of a broad "motor vehicle" exclusion in the Policy. The "motor vehicle" exclusion precludes coverage for any bodily injury (or property damage) arising out of the use of, entrustment of, vicarious liability for, or negligent supervision of, a "motor vehicle" or any "motorized land conveyances."

Here, the Underlying Complaint seeks damages **_only_** for liability arising out of the use of, entrustment of, vicarious liability for, or negligent supervision of, a "motor vehicle" or any "motorized land conveyances."

Therefore, American Modern is entitled to judgment in its favor, as a matter of law, that it has no duty to defend the Sullivans because the only liability alleged in the Underlying Complaint is excluded. American Modern's Motion is supported by the attached Declaration Of Sean Carney In Support Of Plaintiff's Motion For Partial Summary Judgment ("Dec. of Carney"), the exhibits attached thereto, the attached "Statement of Material Facts Not in Dispute" submitted pursuant to LCivR 56(c)(1)(a), and the following points and authorities.

## II.     MEMORANDUM OF POINTS AND AUTHORITIES

## A.     NATURE OF THE CASE

This case arises from a motor vehicle collision that allegedly occurred on July 7, 2024 (the "Accident"). In the Underlying Complaint, Yates alleges that he

was "walking on the shoulder of ***the road***" (emphasis added) when he was struck by a golf cart driven by Lacey and Daniel Sullivan's eleven-year-old daughter ("Infant Sullivan"), causing injury.[3] Yates further alleges that "Defendants through common law, statute, regulation, and ordinance owed Plaintiff a duty to drive a motorized vehicle/golf cart attentively, yield the right-of-way, otherwise exercise ordinary and reasonable care while operating the motorized/electric golf cart, in the State of Washington. This duty included a duty to obey ***all relevant rules of the road*** pursuant to RCW 46.61 et. seq." (emphasis added).[4]

The Underlying Complaint further alleges that "[t]he defendants further owed a duty to plaintiff to not entrust a dangerous instrumentality to a minor child, to not allow a minor child to negligently and ***recklessly operate a motorized vehicle under the legal age on a roadway with pedestrians***, and to otherwise fail to supervise the minor child while operating ***the*** golf cart." (emphasis added).[5] Yates also alleges that Lacey and Daniel Sullivan negligently entrusted the golf cart to Infant Sullivan and failed to supervise Infant Sullivan and, therefore, that the Sullivans are vicariously

---

[3] Dec. of Carney ¶ 2, Ex A ¶¶ 2.1-2.4.

[4] Dec. of Carney ¶ 2, Ex A ¶ 3.1.

[5] Dec. of Carney ¶ 2, Ex A ¶¶ 3.1a.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

- 4 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

liable for Infant Sullivan's acts.[6] Yates seeks damages against the Sullivans for his alleged injuries.[7]

At the time of the Accident, Defendant Lacey Sullivan was the named insured under the Policy, which included all family members as insureds, including Daniel Sullivan and Infant Sullivan.[8] The Policy further provided, in relevant part, personal liability coverage for the Policy's insureds, subject to the terms and conditions set forth in the Policy. [9]

Dispositive for this matter, the Policy also includes a broad "motor vehicle" exclusion that, *inter alia*, excludes coverage under the Policy for liability arising out of the "ownership, maintenance, occupancy, operation, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or occupied by or rented or loaned to an insured person"[10] (the "Motor Vehicle Exclusion"). The Motor Vehicle Exclusion precludes coverage for Yates' claims in

---

[6] Dec. of Carney ¶ 2, Ex A ¶¶ 3.1-3.3.

[7] Dec. of Carney ¶ 2, Ex A ¶¶ 5.1-5.8.

[8] Dec. of Carney ¶ 3, Ex B.

[9] Dec. of Carney ¶ 3, Ex B.

[10] Dec. of Carney ¶ 3, Ex B. at 31-32, § II(1)(f).

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY                          - 5 -
JUDGMENT AND
MEMORANDUM IN SUPPORT

THE CHARTWELL LAW
OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

the Underlying Complaint because Yates seeks damages arising solely out of the operation of a "motorized vehicle" "on a roadway" in violation of the "rules of the road."

Consequently, there is no disputed question of material fact that American Modern does not have a duty to defend the Sullivans in connection with those claims. American Modern is entitled to judgment as a matter of law, accordingly. American Modern seeks summary judgment with respect to the duty to defend only and does not currently seek a ruling from the Court regarding the duty to indemnify.

**B.     ARGUMENT**

**1.     Summary judgment standard.**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 891 (9th Cir. 2005). The court does not assess the credibility of witnesses, weigh evidence, or determine the truth of matters in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND
MEMORANDUM IN SUPPORT

- 6 -

THE CHARTWELL LAW
OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)). Here, there are no genuine disputes of material fact that would preclude partial summary judgment on the duty to defend in this matter.

### 2.    Rules of insurance policy interpretation.

In Washington, "[i]nsurance policies are construed as a whole and given a fair, reasonable, and sensible construction. [Courts] consider a policy as a whole so [they] can give effect to every clause in the policy." *Bordeaux, Inc. v. Am. Safety Ins. Co.*, 145 Wash. App. 687, 693-94 (2008). Undefined terms are given their "plain, ordinary, and popular" meaning. *Dailey v. Allstate Ins. Co.*, 135 Wash.2d 777, 784 (1998). Most importantly, if the policy language is clear and unambiguous, a court must enforce it as written; it may not modify the language or create ambiguity where none exists. *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wash.2d 165 (2005). To that end, a policy provision is ambiguous only "when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable."

In this case, the Policy clearly and unequivocally excludes coverage for the damages alleged in the Underlying Complaint. The Policy contains the Motor Vehicle Exclusion that applies to claims arising from the ownership, operation, or

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND
MEMORANDUM IN SUPPORT

- 7 -

THE CHARTWELL LAW
OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

use of motor vehicles and motorized land conveyances, including the golf cart at issue in this case. Because the Policy excludes coverage for Yates' claims, American Modern does not have a duty to defend the Sullivans in connection with the Underlying Complaint. Therefore, the Court should grant American Modern's Motion for partial summary judgment.

### 3.    Duty to defend standards.

Under Washington law, the duty to defend is analyzed in this case by comparing the allegations of the underlying complaint to the terms of the policy. *Equilon Enters. LLC v. Great Am. Alliance Ins. Co.*, 132 Wash. App. 430, 435-36 (2006). There are certain exceptions to this rule. For example, extrinsic facts may be considered to establish but not negate a duty to defend if the complaint is silent on a coverage-determinative fact. *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 43, 53 (2007). Additionally, if there is a question about whether a party is an insured under the policy, extrinsic evidence can be considered. *Hartford Fire Ins. Co. v. Leahy*, 774 F. Supp. 2d 1104, 1110-14 (W.D. Wash. 2011). These exceptions are relevant to this case.

As a result, only two documents are relevant on summary judgment to determine the duty to defend in this case: the Policy and the Underlying Complaint, neither of which are in dispute and both of which are subject to interpretation as a

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

- 8 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

matter of law. It is also appropriate for American Modern to seek partial summary judgment with respect to the duty to defend as a matter of law without further development of the factual record because further development of the facts will not modify the undisputed language of the Policy, nor that of the Underlying Complaint.

**4.      The Policy undeniably excludes coverage for damages arising from the Accident.**

In this case, the relevant terms of the Policy are clear and not subject to multiple interpretations. Even assuming the Policy's insuring agreement is satisfied, the Policy includes a broad "motor vehicle" exclusion that states the Policy does not apply to bodily injury or property damage:

f.      Arising out of:

(1)      The ownership, maintenance, occupancy, operation, use, loading or unloading of **motor vehicles** or all other motorized land conveyances, including trailers, owned or occupied by or rented or loaned to an **insured person**;

(2)      The entrustment by an **insured person** of a **motor vehicle** or any other motorized land conveyance to any person;

(3)      Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor involving a **motor vehicle** or other motorized land conveyance; or

(4)      Failure to supervise, or negligent supervision of, any person involving a **motor vehicle** or other motorized land conveyance by an **insured person**.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND
MEMORANDUM IN SUPPORT

- 9 -

THE CHARTWELL LAW
OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

(emphasis in original).[11]

The term "motor vehicle" is defined in the Policy to mean "[a]ny motorized land conveyance of any type…regardless of whether or not it is licensed for road use or whether the motorized land conveyance is made for use on or off public roads."[12] There is an exception to this definition for golf carts, ***but only*** "while used on a golf course for golfing purposes."[13]

The Policy further defines "insured person" to include the named insured (Lacey Sullivan) as well as permanent residents of the residence premises who are Lacey Sullivan's relatives.[14] That definition encompasses all of the Sullivans, including Infant Sullivan, who was allegedly "Defendant's daughter" and eleven years old and at the time of the Accident.[15]

In other words, the Motor Vehicle Exclusion applies to any liability arising out of the ownership, occupancy, operation or use of a golf cart that was owned or

---

[11] Dec. of Carney ¶ 3, Ex B at 31-32, § II(1)(f).

[12] Dec. of Carney ¶ 3, Ex B at 18-19.

[13] Dec. of Carney ¶ 3, Ex B at 18-19.

[14] Dec. of Carney ¶ 3, Ex B at 18.

[15] Dec. of Carney ¶ 2, Ex A. ¶ 2.3.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

- 10 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

occupied by any one of the Sullivans. Therefore, the exclusion applies to the Underlying Complaint regardless of whether Yates' theory of relief is based on the Sullivans' ownership of the golf cart, Infant Sullivan's negligent operation of the golf cart, the Sullivan's negligent entrustment, vicarious liability, or negligent entrustment.

### a.     The Motor Vehicle Exclusion applies to Yates' negligence claims based on ownership *or use* of the golf cart.

The motor vehicle exclusion unambiguously applies to the claims in the Underlying Complaint, and to each of Yates' four theories of liability, the first of which is alleged negligence for failing to reasonable operate the golf cart on the road.

As above, the exclusion undeniably applies to claims arising out of the "ownership,…occupancy, operation, [or] use…[of] **motor vehicles** [defined as '[a]ny motorized land conveyance of any type…regardless of whether or not it is licensed for road use or whether the motorized land conveyance is made for use on or off public roads'] or all other motorized land conveyances…owned or occupied by … an **insured person**."[16]

---

[16] Dec. of Carney ¶ 3, Ex B at 31-32, § II(1)(f); and ¶ 3, Ex B at 18-19.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

- 11 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

The Sullivans may attempt to claim that the Motor Vehicle Exclusion does not apply because of the exception to the definition of "motor vehicles" for golf carts, but that argument fails as the exception applies ***only*** "while [the golf cart is] used on a golf course for golfing purposes." In this case, the Underlying Complaint does not allege that the Accident occurred at a golf course. Instead, the Underlying Lawsuit alleges use of a "motorized vehicle …on a **roadway** with pedestrians" where Yates alleges he was "walking on the shoulder of **the road**" and he alleges that the use of the motor vehicle was in violation of the "rules of **the road**."[17] Notably, the "rules of the road" referenced are RCW 46.61 et. sec. RCW 46.61.005 clarifies that, except where otherwise noted, the "…provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways…."

Therefore, the "used on a golf course for golfing purposes" exception does not apply and the golf cart alleged in the Underlying Complaint was an excluded "motor vehicle" or "other motorized land conveyance" under the terms of the Policy at the time of the Accident.

---

[17] Dec. of Carney ¶ 2, Ex A ¶ 3.1a.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

- 12 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

These are not the only times Yates alleges that the golf cart was on a roadway and not a golf course. For example, Yates alleges that "[t[he defendants further owed a duty to plaintiff to not entrust a dangerous instrumentality to a minor child, to not allow a minor child to negligently and **recklessly operate a motorized vehicle under the legal age on a roadway with pedestrians**, and to otherwise fail to supervise the minor child while operating the golf cart." (Emphasis added).[18]

Although irrelevant because the Underlying Lawsuit alleges "use" of a "motor vehicle," Yates also alleges that Infant Sullivan was negligently driving "a golf cart owned by all or some defendants" at the time of the Accident, which is the second basis for application of the Motor Vehicle Exclusion.[19] Yates does not allege any other facts as the basis for Defendants purported negligence.

As a result, there is no question of disputed fact that American Modern has no duty to defend the Sullivans based on Yates' first alleged theory of liability.

/ / /

/ / /

/ / /

---

[18] Dec. of Carney ¶ 2, Ex A ¶ 3.1a.

[19] Dec. of Carney ¶ 2, Ex A. ¶ 2.3.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

- 13 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

### b.   The Motor Vehicle Exclusion also applies to Yates' negligent entrustment claims.

Yates' second theory of liability in the Underlying Complaint alleges negligent entrustment. He alleges that the Sullivans breached their duty "not to entrust [the golf cart] to a minor child."[20] This too is excluded from coverage under the Motor Vehicle Exclusion, which applies to any "entrustment by an **insured person** of a…motorized land conveyance to any person."[21] As noted above, each of the Sullivans is an "insured person," so the claim arising from Mr. and Ms. Sullivan's entrustment of the golf cart to Infant Sullivan is entrustment by an insured person and, therefore, Yates' second theory of liability also is excluded from coverage.

### c.   The Motor Vehicle Exclusion applies to Yates' vicarious liability contentions.

Yates' third theory of liability is that the Sullivans are vicariously liable for Infant Sullivan's actions. Specifically, Yates alleges that the Sullivans "are vicariously liable for the reckless and/or incompetent driver piloting the golf cart."[22]

---

[20] Dec. of Carney ¶ 2, Ex A ¶¶ 3.1a, 3.2.

[21] Dec. of Carney ¶ 3, Ex. B at 31, § II(1)(f)(2).

[22] Dec. of Carney ¶ 2, Ex A ¶¶ 3.1b, 3.2.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

- 14 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

This claim also is precluded by the Motor Vehicle Exclusion, which applies to "[v]icarious liability…for the actions of a child or minor involving a **motor vehicle** or any other motorized land conveyance."[23] Therefore, the Policy does not provide coverage for Yates' vicarious liability claim in the Underlying Complaint.

> ### d.    The motor vehicle exclusion applies to Yates' failure to supervise claims.

Yates' fourth and final theory of liability is based on the Sullivans' alleged failure to supervise Infant Sullivan "while operating the golf cart."[24] However, the Motor Vehicle Exclusion excludes coverage for any "[f]ailure to supervise, or negligent supervision of, any person involving a **motor vehicle** or other motorized land conveyance by an **insured person**." As the golf cart in question was a "motor vehicle" or "other motorized land conveyance" and Infant Sullivan was an "insured person", any claims based on the alleged failure to supervise Infant Sullivan with respect to her use of the golf cart also would be excluded from coverage.

For the foregoing reasons, the Policy does not provide coverage for any of the claims or theories of liability alleged in the Underlying Complaint. Therefore,

---

[23] Dec. of Carney ¶ 3, Ex B at 31, § II(1)(f)(3).

[24] Dec. of Carney ¶ 2, Ex A ¶¶ 3.1a, 3.2

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND
MEMORANDUM IN SUPPORT

- 15 -

THE CHARTWELL LAW
OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

American Modern does not have a duty to defend the Sullivans against the Underlying Complaint, and American Modern's Motion for Partial Summary Judgment should be granted.

**5.    American Modern's position is consistent with other court decisions interpreting similar motor vehicle exclusions in insurance policies.**

While the circumstances of the Accident are uncommon, they are not without precedent. Several other Courts have faced comparable situations and have found that motor vehicle exclusions in homeowner policies apply to preclude coverage for accidents involving golf carts and similar vehicles. For example, *Integon Nat'l Ins. Co. v. Reece*, 423 F. Supp. 3d 831, 834 (E.D. Cal. 2019) was a coverage dispute arising from a situation similar to the facts at issue in this case. The claimant at issue in *Reece* was injured when he fell off a golf cart being driven by a minor on a public roadway. *Id.* at 835-36. The claimant filed a lawsuit against the owners of the golf cart, the driver's aunt and uncle, alleging claims for negligence, including negligent entrustment and failure to supervise. *Id.* The owners of the golf cart's Integon National Insurance Company homeowner's policy contained a motor vehicle exclusion similar to the exclusion in the American Modern Policy. *Id.* at 836-37. Integon filed a declaratory judgment action against the policyholders and the

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND
MEMORANDUM IN SUPPORT

- 16 -

THE CHARTWELL LAW
OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

claimant seeking a declaration that the policy did not cover the injury claim, relying primarily on the motor vehicle exclusion. *Id.* at 837-38.

The motor vehicle exclusion in *Integon* was narrower than the exclusion in the Sullivans' Policy in that it created an exception for occurrences involving recreational offroad vehicles, provided the occurrence took place at an insured location. There was no dispute that the accident happened on a public road, and not at the insured location, but the policyholders nevertheless argued that the policy provided coverage because the negligent act (i.e. the failure to supervise the minor driver) occurred via an insured location. The Court rejected that argument and found that Integon did not have a duty to defend the policyholders in the underlying case. In doing so, the Court held that the motor vehicle exclusion was not only enforceable, but also "clear and explicit" that "there is no potential for coverage" for the underlying golf cart accident because the accident occurred on a roadway, which was excluded from coverage.

The Motor Vehicle Exclusion in this case is even broader than the exclusion in the Integon policy in that it does not contain a carve-out for accidents that occur

at an insured location.[25] However, the two motor vehicle exclusions otherwise share most of their substantive terms, including specific language excluding coverage for negligent entrustment, negligent supervision, and vicarious liability claims, as well as an exception to the exclusion for use of a golf cart at a golf course.[26] Given the similarities between the legal and factual issues as well as the relevant policy language, the Court should adopt the *Integon* Court's reasoning in this case. The Motor Vehicle Exclusion is "clear and explicit" and it excludes coverage for liability arising from Yates' alleged injuries in connection with the Accident.

Other courts applying motor vehicle exclusions to accidents involving golf carts and similar vehicles have come to the same conclusions. *See, e.g.*, *Haines v. State Auto Prop. & Cas. Ins. Co*., No. 08-CV-5715, 2010 U.S. Dist. LEXIS 28437, at *17 (E.D. Pa. Mar. 24, 2010) (holding that the motor vehicle exclusion in a homeowner policy precluded coverage for injuries arising from a golf cart accident where the insureds were operating their vehicle on a publicly maintained thoroughfare at the time of the occurrence); *Epps v. Farmers Ins. Exch.*,

---

[25] *Compare* Dec. of Carney ¶ 3, Ex. B at 31 § II(1)(f) and *Integon*, 423 F. Supp. 3d at 836.

[26] *Integon*, 423 F. Supp. 3d at 836.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

- 18 -

295 Or. App. 385, 391 (2018) ("The policy specifically and unambiguously excludes coverage for bodily injury that results from the 'use' of 'motor vehicles,' such as the one used in this case, and the application of the exclusion under the policy does not depend on plaintiff's theory of liability or the defendant against whom his claim is stated."); and *Nationwide Mut. Fire Ins. Co. v. Jones*, 695 F. Supp. 2d 978, 984 (D. Ariz. 2010) ("To require the insurer to cover a recreational vehicle that was being used on a public street would have 'blur[red] the distinction between homeowner's and automobile insurance, and rendered the exception limiting coverage to vehicles not intended for use on public roads 'meaningless.'") *quoting Hudnell v. Allstate Ins. Co.*, 190 Ariz. 52, 56 (Ct. App. 1997).

C.  **CONCLUSION**

Therefore, American Modern respectfully requests that the Court GRANT its Motion for Partial Summary Judgment, declare that American Modern does not have a duty to defend the Sullivans against the Underlying Complaint, that it can withdraw from the defenses of the Sullivans, and that the Court award such other relief in American Modern's favor as it may find appropriate under the circumstances.

/ / /

/ / /

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

- 19 -

THE CHARTWELL LAW OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108

DATED this 18th day of June, 2025.

THE CHARTWELL LAW OFFICES, LLP

By /s/ Sean W. Carneu
    **Sean W. Carney, WSBA No. 41200**
    Email: scarney@chartwelllaw.com
    7700 NE Parkway Drive, Suite 215
    Vancouver, WA 98662
    Telephone:   (503) 886-8108
    Facsimile:   (503) 961-7864

/s/ Elissa M. Boyd
**Elissa M. Boyd, WSBA No. 50436**
Email: eboyd@chartwelllaw.com
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
Telephone:   (503) 886-8108
Facsimile:   (503) 961-7864

*Attorneys for Plaintiff American Modern*
*Property and Casualty Insurance*
*Company*

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND
MEMORANDUM IN SUPPORT

- 20 -

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on 18th day of June, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

By /s/ Sean W. Carney
**Sean W. Carney, WSBA No. 41200**
Email: scarney@chartwelllaw.com
The Chartwell Law Offices, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
Telephone:     (503) 886-8108
Facsimile:     (503) 961-7864

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY
JUDGMENT AND
MEMORANDUM IN SUPPORT

- 21 -

THE CHARTWELL LAW
OFFICES, LLP
7700 NE Parkway Drive, Suite 215
Vancouver, WA 98662
(503) 886-8108