UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign company,<br><br>                  Plaintiff,<br><br>   v.<br><br>LACEY SULLIVAN and DANIEL SULLIVAN, a married couple, individually, and as natural guardians to INFANT SULLIVAN, a minor child, and RYAN YATES,<br><br>                  Defendants. | NO. 2:25-CV-0083-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment (ECF No. 9). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

**BACKGROUND**

This action arises out of a Complaint for Personal Injuries ("Underlying Complaint") brought against Lacey Sullivan and Daniel Sullivan (the "Sullivans") brought in Lincoln County Superior Court. ECF No. 10-1. In the Underlying Complaint, the plaintiff, Ryan Yates ("Yates"), alleges that on July 7, 2024, while walking on the side of the road, he was struck and injured by a golf cart driven by the Sullivan's 11-year-old daughter ("Infant Sullivan"). ECF No. 10-1 at ¶¶ 2.1,2.3. Yates brought the Underlying Complaint against the Sullivans alleging negligence. The Underlying Complaint and summons were delivered to the Sullivans on or about September 20, 2024. ECF No. 11 at ¶ 5.

At the time of the alleged injury, Lacey Sullivan's manufactured home was insured by American Modern Property and Casualty Insurance Company ("American Modern") through a manufactured home insurance policy (no. 102-664-084) (the "Policy"). ECF No. 11 at ¶ 6. American Modern is presently defending the Sullivans against the Underlying Complaint pursuant to a full and complete reservation of rights. *Id.* at ¶ 7.

Plaintiff brought this action on March 11, 2025, seeking declaratory judgment that it neither owes a duty to defend or indemnify Defendants in the underlying action pursuant to the Policy. Defendants filed their answer to the complaint on May 8, 2025 alleging Plaintiff does owe Defendants a duty to defend

1  and indemnify in the underlying action. ECF No. 7. Plaintiff now moves for
2  partial summary judgment as to its duty to defend. ECF No. 9. Defendants never
3  filed a response, and the motion hearing date has now passed.

## DISCUSSION

A district court has discretion to determine whether a party's failure to respond to an opposing party's argument should be deemed consent to the entry of an adverse order. LCivR 7(e); *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (per curiam); *see also Atain Specialty Ins. Co. v. Todd*, No. 4:18-CV-5022-RMP, 2019 WL 2030329, at *5 (E.D. Wash. Jan. 24, 2019) ("A failure to respond to an opposing party's argument is deemed consent to the entry of an adverse order."); *Wilcox v. Batiste*, 360 F. Supp. 3d 1112, 1125 (E.D. Wash. 2018) (granting summary judgment on two claims pursuant to LCivR 7(e) due to party's failure to respond). However, this discretion "is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Henry v. Gill Indus.*, 983 F.2d 943, 950 (9th Cir.1993); *see also Brydges,* 18 F.3d at 652.

Plaintiff seeks declaratory judgment that it does not have a duty to defend the Sullivans under the Policy provisions for the claims in the Underlying Complaint. The Court construes Defendants' failure to respond as consent for

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 3

entry of an adverse order. Additionally, a substantive review of Plaintiff's motion does not reveal any issue of material fact.

"The duty to defend 'arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'" *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wash. 2d 751, 760 (2002) (quoting *Unigard Ins. Co. v. Leven*, 97 Wash. App. 417, 425 (1999)). Whether a duty to defend is triggered is a question of law. *See Woo v. Fireman's Fund Ins. Co.*, 161 Wash. 2d 43, 52 (2007) ("Interpretation of an insurance contract is a question of law reviewed de novo."). A court must interpret policy language as how an average insurance purchaser would understand it. *Webb v. USAA Casualty Ins. Co.*, 12 Wash. App. 2d 433, 446 (2020). Any ambiguities in policy language must be interpreted against the insurer and in favor of coverage. *Id.*

The Policy provides that Modern America has a duty to defend "[i]f a claim is made or a suit is brought against any insured person for damages because of bodily injury or property damage, caused by an occurrence, to which this coverage applies." ECF No. 10-2 at 30. The Policy's Motor Vehicle Exclusion excludes coverage for bodily injury arising out of:

(1) The ownership, maintenance, occupancy, operation, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or occupied by or rented or loaned to an insured person;

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

(2) The entrustment by an insured person of a motor vehicle or any other motorized land conveyance to any person;

(3) Vicarious liability, whether or not statutorily imposed, for the actions of a child or minor involving a motor vehicle or other motorized land conveyance; or

(4) Failure to supervise, or negligent supervision of, any person involving a motor vehicle or other motorized land conveyance by an insured person.

*Id.*

The Policy defines the term "motor vehicle" as "[a]ny motorized land conveyance of any type" but excludes "[a] golf cart while used on a golf course for golfing purposes." *Id.* at 18-19. The term "insured person" is defined as "[y]ou and permanent residents of the residence premises who are . . . your relatives." *Id.* at 18. Thus, Infant Sullivan, who was allegedly driving the golf cart at the time of the collision, would be among the insured.

Under the terms of the Policy, the Court finds Plaintiff does not owe a duty to defend Defendants against the claims in the Underlying Complaint. The plaintiff in the underlying action makes claims of bodily injury arising out of entrusting the golf cart to a minor child, allowing the child to operate a motorized vehicle on a roadway with pedestrians, and failing to otherwise supervise a minor child while she was operating the golf cart. ECF No. 1-3 at ¶ 3.1a. Nowhere does the alleged facts suggest that the golf cart was being "used on a golf course for golfing purposes" at the time of injury. Therefore, the golf court was a motor

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5

vehicle as defined in the Policy at the time of the alleged collision, and the bodily damage arising out of its use as described in the Underlying Complaint fall squarely within the Policy's Motor Vehicle Exclusion provision.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 9) is **GRANTED**.

2. A declaratory judgment shall be entered in favor of Plaintiff that states Plaintiff has no duty to defend Defendants Lacey Sullivan and Daniel Sullivan, individually, as a marital community, or as the natural guardians of Infant Sullivan, in the separate action brought by Ryan Yates against Lacey Sullivan and Daniel Sullivan, individually, as a marital community, or as the natural guardians of Infant Sullivan under the Policy issued by Plaintiff to Defendant Lacey Sullivan.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **OPEN**.

DATED August 28, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 6