UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMERICAN MODERN PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign company,<br><br>              Plaintiff,<br><br>   v.<br><br>LACEY SULLIVAN and DANIEL SULLIVAN, a married couple, individually, and as natural guardians to INFANT SULLIVAN, a minor child, and RYAN YATES,<br><br>             Defendants. | NO. 2:25-CV-0083-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT is Plaintiff's Motion for Partial Summary Judgment (ECF No. 13). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion is **GRANTED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 1

# BACKGROUND

This action arises out of a Complaint for Personal Injuries ("Underlying Action") brought against Lacey Sullivan and Daniel Sullivan (the "Sullivans") brought in Lincoln County Superior Court. ECF No. 10-1. In the Underlying Action, the plaintiff, Ryan Yates ("Yates"), alleges that on July 7, 2024, while walking on the side of the road, he was struck and injured by a golf cart driven by the Sullivans' 11-year-old daughter ("Infant Sullivan"). ECF No. 10-1 at ¶¶ 2.1,2.3. Yates brought the Underlying Action against the Sullivans alleging negligence. The complaint and summons were delivered to the Sullivans on or about September 20, 2024. ECF No. 11 at ¶ 5.

At the time of the alleged injury, Lacey Sullivan's manufactured home was insured by American Modern Property and Casualty Insurance Company ("American Modern") through a manufactured home insurance policy (no. 102-664-084) (the "Policy"). ECF No. 11 at ¶ 6.

Plaintiff brought this action on March 11, 2025, seeking declaratory judgment that it neither owes a duty to defend or indemnify Defendants in the Underlying Action pursuant to the Policy. ECF No. 1. Defendants filed their Answer to the Complaint on May 8, 2025 alleging Plaintiff does owe Defendants a duty to defend and indemnify in the Underlying Action. ECF No. 7. On June 18, 2025, Plaintiff moved for partial summary judgment as to its duty to defend (ECF

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 2

1  No. 9), which the Court granted on August 28, 2025 (ECF No. 12).  ECF No. 9.

2  Plaintiff now moves for summary judgment as to its duty to indemnify.  ECF No.

3  13.  As was the case before, Defendants have not filed a response, and the motion

4  hearing date has now passed.

## DISCUSSION

6       A district court has discretion to determine whether a party's failure to

7  respond to an opposing party's argument should be deemed consent to the entry of

8  an adverse order.  LCivR 7(e); *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir.

9  1994) (per curiam); *see also Atain Specialty Ins. Co. v. Todd*, No. 4:18-CV-5022-

10  RMP, 2019 WL 2030329, at *5 (E.D. Wash. Jan. 24, 2019) ("A failure to respond

11  to an opposing party's argument is deemed consent to the entry of an adverse

12  order."); *Wilcox v. Batiste*, 360 F. Supp. 3d 1112, 1125 (E.D. Wash. 2018)

13  (granting summary judgment on two claims pursuant to LCivR 7(e) due to party's

14  failure to respond).  However, this discretion "is necessarily abused when

15  exercised to grant a motion for summary judgment where the movant's papers are

16  insufficient to support that motion or on their face reveal a genuine issue of

17  material fact." *Henry v. Gill Indus.,* 983 F.2d 943, 950 (9th Cir.1993); *see also*

18  *Brydges,* 18 F.3d at 652.

19       Plaintiff seeks declaratory judgment that it does not have a duty to

20  indemnify the Sullivans as a matter of law.  ECF No. 13.  The Court construes

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ~ 3

Defendants' failure to respond as consent for entry of an adverse order. Additionally, a substantive review of Plaintiff's motion does not reveal any issue of material fact.

"The duty to defend is broader than the duty to indemnify." *Allstate Ins. Co. v. Bowen*, 121 Wash. App. 879, 884 (2004). "The duty to defend 'arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage.'" *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wash. 2d 751, 760 (2002) (quoting *Unigard Ins. Co. v. Leven*, 97 Wash. App. 417, 425 (1999)). Whereas "[t]he duty to indemnify hinges on the insured's actual liability to the claimant and actual coverage under the policy." *Bowen*, 121 Wash. App. at 884.

The Court previously determined that Plaintiff has no duty to defend Defendants in the Underlying Action pursuant to the Policy. ECF No. 12. Thus, where the Court has determined that the complaint creates no potential for liability, it follows that there can be no actual liability. *Liberty Mut. Ins. Co. v. Lange*, No. C20-0309JLR, 2023 WL 4704712, at *6 (W.D. Wash. July 24, 2023) ("If there is no duty to defend, then there is no duty to indemnify."). Therefore, Plaintiff has no duty to indemnify the Defendants regarding the Underlying Action.

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment (ECF No. 13) is **GRANTED**.

2. A declaratory judgment shall be entered in favor of Plaintiff that states Plaintiff has no duty to indemnify Defendants Lacey Sullivan and Daniel Sullivan, individually, as a marital community, or as the natural guardians of Infant Sullivan, in the separate action brought by Ryan Yates against Lacey Sullivan and Daniel Sullivan, individually, as a marital community, or as the natural guardians of Infant Sullivan under the Policy issued by Plaintiff to Defendant Lacey Sullivan.

The District Court Executive is directed to enter this Order and furnish copies to counsel. The file remains **OPEN**.

DATED February 10, 2026.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ~ 5